[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this action the plaintiff seeks the dissolution of a CT Page 667 partnership between him and the defendant, appointment of a receiver to take possession of partnership assets, an accounting of the financial dealings of the partnership and payment to him of his share of any heretofore unpaid profits.
In the pleadings, it is admitted that the parties did orally form a partnership in 1983. It is clear from the evidence that the plaintiff furnished a pickup truck for the use of the partnership whereas the defendant furnished substantial tangible personal property of significant value. Neither took any steps to change record title. Although each agreed that a partnership had been formed, each was vague in the extreme as to the terms of any agreement. The plaintiff was adamant that something that had been agreed was that they were to share equally in partnership property and in any profits. I find that highly unlikely in view of the enormous discrepancy in the value of the assets which each made available for partnership business. I find quite credible and I accept the defendant's position that although he made his assets available to be used by the partnership, he never parted title to them. A tabulation of the draw taken by each over the better than five-year period from May of 1983 to September of 1988, the time when they did work together, reveals only two months when the draws were equal, May of 1983 when they each drew $50, and March of 1985 when each drew $200. I am forced to conclude that the plaintiff has not borne his burden of proving the terms of their agreement so that it would be possible for me to enter any meaningful decree to guide a receiver or to formulate an order as to division of property.
It appears to me that the partnership was dissolved in September, 1988, under the terms of General Statutes Section 34-69(1)(b), when the plaintiff quit the partnership, and I so find. That renders the prayer for a court ordered dissolution under General Statutes Section 34-70 moot.
For all the above reasons, judgment may enter for the defendant.
J. HEALEY, STATE TRIAL REFEREE